IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REINA ESTHER HEREDIA, § | |
| PETITIONER, § | |
| § | |
| v. § | CASE NO. 3:19-CV-2625-X-BK |
| § | |
| WILLIAM BIERMAN, § | |
| RESPONDENTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons stated herein, this action should be summarily **DISMISSED WITH PREJUDICE** as moot, or, in the alternative, **WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Additionally, Petitioner's Motion for a Preliminary Injunction (Doc. 17) should be **DENIED.**

**I. PETITIONER'S CLAIM IS MOOT**

On November 5, 2019, Petitioner Reina H. filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, contesting an October 2, 2019 administrative decision of the U.S. Citizenship and Immigration Services (USCIS) denying Petitioner's request for naturalization because of an "outstanding final order of removal issued by an immigration judge," by alleging violations of due process, equal protection, and the Immigration and Nationality Act (INA). Doc. 1 at 14-15. Petitioner seeks an order preventing her detention or deportation, as well as injunctive and declaratory relief, including that Respondents be "[p]ermanently enjoin[ed] from

seeking to detain or remove Petitioner from the United States, and from denying her the rights and privileges afforded to lawful permanent residents, based on any allegation that she has not been lawfully admitted for permanent residence or that she is subject to an outstanding final order of removal." Doc. 1 at 16-17.

On October 17, 2019, before filing this action, Petitioner requested administrative review of the October 2, 2019 denial, and that appeal was still pending at the time this suit was filed. Doc. 8 at 7, 12. However, as Respondents aver and Petitioner does not contest, on November 20, 2019, the USCIS reversed their decision and approved Petitioner's naturalization application. Doc. 8 at 12. The USCIS notified Petitioner to appear for a naturalization oath ceremony on December 16, 2019, and after she failed to, the USCIS sent Petitioner a letter explaining that her ceremony would be rescheduled and that Petitioner's "Application for Naturalization was approved and the October 2, 2019 decision that initially denied [her] N-400 application [was] overturned and superseded in its entirety." Doc. 8 at 12. Respondents contend that the "ultimate approval of [Petitioner's] application to naturalize renders all these matters moot." Doc. 7 at 1. They argue that Petitioner has been provided with relief that exceeds that requested in her petition, to-wit: to be declared a lawful permanent resident not subject to removal. Doc. 7 at 7. Respondents' arguments are well taken.

**A. Applicable Law**

Article III's case-or-controversy requirement imposes an "irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing consists of three elements: (1) "an injury in fact—an invasion of a legally protected interest which is…concrete and particularized, and actual or imminent;" (2) "a causal connection between the injury and the conduct complained of;" and (3) an injury likely to be redressed by a

2

favorable decision. *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (citations omitted). But having Article III standing at the outset of litigation is not enough. "There must be a case or controversy through all stages of a case…" *K.P. v. Leblanc*, 729 F.3d 427, 438 (5th Cir. 2013); *see also Yarls*, 905 F.3d at 909 (explaining that a case or controversy must exist "not just when a suit comes *into* existence but *throughout* its existence") (citing *K.P.*, 729 F.3d at 438; *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).

**B. Analysis**

Respondents argue that Petitioner's complaints wholly relate to the USCIS's October 2, 2019 decision denying her naturalization application and stating that Petitioner was "subject to arrest and banishment from the United States at any moment"—a decision that was "overturned and superseded in its entirety" on appeal. Doc. 1 at 2; Doc. 8 at 11. However, Petitioner claims that, even after the reversal of the October 2, 2019 decision, Respondents consider her to be "subject to an outstanding final order of removal and not to be a lawful permanent resident of the United States." Doc. 9 at 3. Petitioner points to no evidence of that claim, noting only that Respondents/USCIS—in its briefing and in the letter alerting her that the initial administrative decision had been overturned—have never actually said that she is a lawful permanent resident. Petitioner argues, "this Court should expect Respondents to say that Ms. Heredia is not subject to an outstanding final order of removal or that she is a lawful permanent resident of the United States. But, they do not." Doc. 9 at 3.

3

There is no dispute, however, that Petitioner has been approved for naturalization—a status which, under the law, requires a determination that a person be admitted lawfully for permanent residence.  *See* 8 U.S.C. § 1427; *Pineda v. Duke*, Civil Action No. H-15-2179, 2017 WL 3980952, at *4 (S.D. Tex. Sept. 11, 2017).  Thus, it is no moment to the relief sought by Petitioner that the USCIS has not explicitly stated so in its correspondence with Petitioner.  Consequently, Petitioner's habeas complaint, entirely premised on the October 2, 2019 agency decision that has since been now reversed, is moot.

In an attempt to overcome the mootness bar, Petitioner seems to ridiculously suggest that she could still be deported in the future if USCIS later interprets its own policies to suggest that she was never qualified for naturalized citizenship.  Doc. 9 at 5-6.  Notwithstanding Petitioner's apparent refusal to "take the win," this Court may not issue an opinion regarding a situation that has not and may never occur.  As a learned judge of this Court has held:

> As long as the parties' dispute remains academic, instead of grounded in a specific and concrete threat, there is nothing upon which this court may pass judgment, since "[f]ederal courts do not render advisory opinions." *Orix Credit Alliance,* 212 F.3d at 898 (quoting *Life Partners, Inc. v. Life Ins. Co. of N. Am.,* 203 F.3d 324, 325 (5th Cir.1999)). It is not the function of district courts "to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Brown & Root, Inc. v. Big Rock Corp.,* 383 F.2d 662, 666 (5th Cir.1967) (citation and quotation omitted).  Attempts to use the Declaratory Judgment Act to obtain an advisory opinion have been rejected by the Court: "The declaratory judgment procedure is available in the federal courts only in cases involving an actual case or controversy, where the issue is actual and adversary, and it may not be made the medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corp.,* 323 U.S. 316, 324, 65 S.Ct. 298, 89 L.Ed. 264 (1945) (internal citations omitted).

*Villas at Parkside Partners v. City of Farmers Branch*, 577 F. Supp. 2d 880, 883–84 (N.D. Tex. 2008) (Lindsay, J.).

For the foregoing reasons, Petitioner's claims should be dismissed as moot

4

## II. PETITIONER FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

Notwithstanding the fact that Petitioner's claims are moot, the Court lacks jurisdiction to decide them because she failed to exhaust her administrative remedies before filing suit. It is axiomatic that "[a] person seeking habeas relief must first exhaust available administrative remedies." *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). The INA also requires an applicant for naturalization to "exhaust all administrative remedies before petitioning for district court review." *Ogunfuye v. Acosta*, 210 F. App'x. 364, 365 (5th Cir. 2006). *See also McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required.") (citing *Coit Independence Joint Venture v. FSLIC*, 489 U.S. 561, 579 (1989); *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 502, n.4 (1982)).

The INA provides for an administrative appeal process when a naturalization application has been denied. *See* 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2(a), (b); *see also Aparicio v. Blakeway*, 302 F.3d 437, 440 (5th Cir. 2002). If—but only if—the administrative appeal is denied, then the applicant can seek judicial review in district court. *See Id.* ("Applicants may only appeal to the district court, however, if they either sought administrative review and the application was again denied, or they sought administrative review and the review was delayed for more than 120 days.") (citing 8 U.S.C. § 1421(d)). There is no dispute that Petitioner filed this suit while her administrative appeal before the USCIS was still pending. Thus, this Court lacks jurisdiction to consider it.

The Court finds unavailing Petitioner's argument that exhaustion was not required because she does not seek a review of the naturalization application, and "[t]he Immigration & Nationality Act contains no administrative appeal process for determining whether [Petitioner] is subject to a final order of removal or is a lawful permanent resident." Doc. 9 at 7. Petitioner's

5

position is untenable because it would allow an end-run around the process expressly delineated by Congress for determining a naturalization application. As previously noted, all of Petitioner's claims stem from the October 2, 2019 denial of her naturalization application. Despite the fact that Petitioner does not label or even deem her complaint as an appeal of the naturalization decision, in order to grant the relief sought, this Court would have been required to review the § 1446 denial. *See Armstrong v. Capshaw, Goss & Bowers*, 404 F.3d 933, 936 (5th Cir. 2005) (noting district courts must determine the true nature of a pleading by its substance, rather than its labels).

In sum, because Petitioner failed to complete the administrative appeal process before filing suit, the Court lacks jurisdiction to consider her petition.

### III. NO ENTITLEMENT TO INJUNCTIVE RELIEF

Petitioner also filed a motion for preliminary injunction which mirrors the request for injunctive relief sought in her habeas petition. Doc. 17 at 1. In order to secure a preliminary injunction a movant must demonstrate, *inter alia*, a substantial likelihood of success on the merits. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted). Petitioner cannot and has not met that burden here. Thus, for the same reasons her petition to be moot and otherwise jurisdictionally barred, so too must Petitioner's motion for a preliminary injunction be denied.

### IV. CONCLUSION

For these reasons, Petitioner's habeas corpus petition should be **DISMISSED WITH PREJUDICE** as moot, or, alternatively, **DISMISSED WITHOUT PREJUDICE** for failure to

exhaust administrative remedies, and Petitioner's Motion for a Preliminary Injunction, Doc. 17, should be **DENIED.**

    **SO RECOMMENDED** on February 4, 2021.

                                                   RENEE HARRIS TOLIVER
                                                   UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).